ASUNCIÓN AYALA, Plaintiff and Appellee, *v.* JOSÉ DOLORES FLORES, Defendant and Appellant, and SEVERIANA LÓPEZ, Defendant.

No. 6830. Argued January 20, 1937.—Decided February 4, 1937.

*Antonio Quirós Méndez* and *José E. Segarra* for appellant. *Aureliano Rivas Rosario* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The Bank of San Juan, owner of a parcel of 95,856 square meters, executed a mortgage on the same in favor of Bernabé Sabalier to secure payment to the latter of seven promissory notes. After the execution of the mortgage the Bank segregated from the said parcel and sold to the plaintiff a lot of 124.80 square meters, stating that there was no building whatever on the property sold. Once owner of the said lot, the plaintiff built on it a wooden house worth $1,000.

The heirs of Bernabé Sabalier, owners of the last four mortgage notes of the Bank of San Juan were sued by an attorney for his fees. The four notes were adjudicated to the attorney in payment of the judgment for fees and he endorsed them to the defendant Severiana López. The lat-

ter foreclosed the mortgage by a summary proceeding brought against the Bank of San Juan and third persons who had purchased the different portions segregated from the mortgaged parcel, among them the plaintiff.

In her *first cause of action* the plaintiff alleges that payment was not demanded of her nor was the warning ordered by the court given her; that the plaintiff's lot was sold at public auction to the defendant Severiana López on September 21, 1928; and that the auction, award, and sale of the lot are void and inexistent acts, because the demand and the warning were not served on the plaintiff.

In the *second cause of action* the allegations of the first are reproduced, and it is alleged that on January 31, 1931, the District Court of San Juan rendered judgment holding void and inexistent the adjudication of the four promissory notes to attorney Quiñones and the endorsement of the said documents made by the latter to the defendant Severiana López; that the appeal taken was dismissed as frivolous by order of the Supreme Court on March 16, 1932, of which the parties were notified and which is final (See *Fernández* v. *Abella,* 43 P.R.R. 208); and that since the title of Severiana López as mortgage creditor was held inexistent the foreclosure proceeding is also void and inexistent.

As a *third cause of action,* after reproducing the facts already stated, it is alleged "that the plaintiff's lot was not appraised when it was sold, nor was the lot sold with the house, but alone, and that the plaintiff was not paid the value of the house"; and that for those alleged reasons the auction, the award and the sale to the defendant are null and void.

As a *fourth cause of action* the plaintiff alleges that on March 1, 1930, the defendant Severiana López sold the house and lot to defendant José Dolores Flores, who took possession of the property on that date.

In the *fifth cause of action* it is alleged that the defendant Flores is unlawfully in possession of the property; that from

February, 1929, up to the date of the complaint the defendant has received the sum of $800 as rent for the house and lot; and that said defendant has destroyed the house built by the plaintiff and has appropriated the materials of the same.

The plantiff prays for a judgment holding all of the proceedings and titles mentioned in the preceding statement of facts null and void; holding her to be the owner and replacing her in possession of the property; ordering defendant Flores to pay the plaintiff $1,000 for the house destroyed and $800 as rent; and ordering both defendants to pay the costs.

The defendants denied the essential allegations of the complaint and as special defenses alleged: (1) that the facts alleged were not sufficient to constitute a cause of action; (2) that the judgment holding the transfer of the promissory notes to the attorneys to be null and void did not in any way affect the validity of the summary foreclosure proceeding brought by Severiana López against the plaintiff Asunción Ayala, nor did it confer any right on the latter, since she was not a party to the suit in which the said judgment was rendered, nor did it affect the rights of the defendant Flores who likewise was not a party to the said suit; (3) that the plaintiff is estopped from claiming the improvements and additions to the lot, (a) because she did not claim them before or at the public sale of the property; and (b) because the deed of the Bank to the plaintiff did not state that the lot did not contain constructions of any kind, and because the mortgage creditors were not notified of the recording of the sale, as required by Section 163 of the Regulations of the Mortgage Law.

The district court rendered judgment holding all the proceedings and titles which constitute the basis of the alleged rights of the defendants to be null and void, and ordering defendant Flores to pay the plaintiff, as the value of the house destroyed, the sum of $383 plus interest at the legal rate from July 1, 1931. Both defendants were ordered to

pay costs and attorney's fees. The present appeal has been taken from that judgment.

The nine errors assigned may be reduced to two as follows:

(1) The court erred in admitting in evidence a copy of the Statement of the Case, Opinion and Judgment rendered in the civil case of *Antonia Fernández González* v. *López Cosme & Co.*, no. 7180.

(2) The court erred in holding the summary foreclosure proceeding to be null and void on the ground of the nullity of the demand for payment made on the plaintiff Asunción Ayala.

We shall discuss them in the order in which we have stated them.

■ The record shows that at the trial the attorney for the plaintiff stated that he wished to offer in evidence the opinion and judgment rendered in case no. 7180 of *Antonia Fernández* v. *Cosme López & Co.*, but since the case was not on file because it was in the judge's possession, he offered the copy which had been delivered to him. The attorney for the defendants objected on the ground that neither of the present defendants had been such in case no. 7180, and in addition, that the said case had no connection with the instant case. The ruling of the court, admitting the copy offered in evidence is as follows:

"The parties having been heard and it being admitted that the copy offered is a true and exact copy of the Statement of the Case and Opinion and Judgment in the case of *Antonia Fernández González* v. *Cosme López & Co.*, Civil no. 7180 for Nullity of Sale and other purposes, in which an appeal taken by the defendant was dismissed, the judgment being firm; and since case No. 6805, the nullity of which was involved in said case, appears to have been brought by Severiana López, who was later substituted by Cosme López and Co., Severiana López being a defendant in this case, the Court admits the document for such evidentiary value as it may have, and marks it Exhibit 4."

In their brief the appellants argue that the document in question was not admissible, because it was neither the original nor a copy certified by the Clerk. That objection

comes too late. The defendants should have made it at the time the document was offered in evidence, in order that the lower court might have the opportunity to decide the merits of the opposition. By not doing so they waived the objection on that ground and accepted the document offered in evidence as a true and exact copy of its original.

██ The other objection, that the defendants were not parties to suit no. 7180, is groundless. The document admitted in evidence itself shows that Severiana López was a defendant in the said suit, that she failed to answer the complaint and that her default was noted; that later she and defendant Samuel R. Quiñones answered the amended complaint; that on August 14, 1929, with the consent of both defendants, the substitution of the firm Cosme López & Co., for Quiñones and Severiana López was ordered because the said firm was the owner at the time of the mortgage notes the public sale of which it was sought to annul. It is evident that Severiana López was a party to suit no. 7180; that she had an opportunity to defend herself and to defend within the said suit her right to bring the summary foreclosure proceeding which she instituted on May 16, 1928, against Asunción Ayala and others to foreclose on the same notes, and obtain the adjudication of the plaintiff's lot to her. If defendant Severiana López found it convenient to withdraw as defendant in the said suit no. 7180, in which was discussed the title to the same notes as had been the basis for the foreclosure proceeding brought by her against Asunción Ayala, we must hold that the said defendant can not now be heard to say that the judgment rendered in the said suit and admitted as evidence in the instant case cannot prejudice her. ██ Defendant José Dolores Flores, who acquired the parcel involved in this action by a sale made to him by defendant Severiana López on March 1, 1930, cannot have a greater right than his vendor. And if the latter's title to the mortgage notes was not valid or sufficient to bring the foreclosure proceeding legally, and to justify the sale and the adjudica-

tion of the plaintiff's parcel to the plaintiff, her assignee acquired the parcel subject to the same causes of nullity which could be invoked against his vendor. The court did not err in admitting exhibit no. 4, or in holding that the foreclosure proceeding is null and void because Severiana López did not have legal title to the promissory notes secured by the mortgage.

 The return on the demand ordered by the court in the summary foreclosure proceeding brought by *Severiana López* v. *Asunción Ayala,* reads as follows:

"RETURN.—I CERTIFY: that the writ issued on May 16, 1928 by Luis Vergne Ortiz, as Clerk for civil cases in the District Court of San Juan, in the above-entitled foreclosure proceeding, has been served by me, on this date and in this municipality, as to the defendant Asunción Ayala, to whom I delivered a copy of the writ served and of this return, the latter signed by me and dated.—San Juan, P. R., May 22, 1928.—Eduardo Urrutia, Marshal.—By: (Sgd.) Manuel Prida, Deputy Marshal."

Neither the return which we have just copied nor the evidence presented shows that the marshal of the court made the demand on the mortgage debtor Asunción Ayala which is prescribed by Section 170 of the Regulations of the Mortgage Law and which he was ordered to make by the writ issued by the district court.

In *Ojeda* v. *Registrar,* 39 P.R.R. 219, the return of the marshal showed that he had made a demand for payment, to be made beginning on the date of the demand, but did not mention the term within which such payment should be made. In other words, the return did not show that the Marshal informed the debtor that he must pay within the term of thirty days. The Registrar refused to record the deed executed by the marshal on the ground that the demand for payment did not contain the statutory warning. In affirming the decision of the Registrar this court said:

"... What the law contemplates is a formal demand for payment, accompanied by the statutory warning, and both embodied in

an order of the court. But, even if an order addressed to the sec-: retary and directing him to issue a proper writ should be deemed a, substantial compliance with the statute, certainly the marshal can not supply the omission from the writ of any formal warning by a mere verbal admonition.

"The conditions precedent to a valid foreclosure and sale under the Mortgage Law are few and simple, but, because of the summary and practically *ex parte* character of the proceeding, these jurisdictional prerequisites must be strictly observed. Otherwise the result is a void judicial sale. *Arvelo et al.* v. *Banco Territorial y Agrícola,* 25 P.R.R. 667; *Polanco* v. *Goffinet et al.,* 29 P.R.R. 111; *López et al.* v. *Quiñones et al.,* 30 P.R.R. 317, and *Cortés et al.* v. *Díaz et al.,* 31 P.R.R. 433.''

In accordance with the cases cited, in order that a demand for payment may be valid and sufficient for the court to acquire jurisdiction over the person of the defendant it is necessary: 1, that the writ order (*a*) a demand to the person in possession of the mortgaged parcel that payment of the amount claimed and the costs be made within thirty days, and (*b*) under warning that the mortgaged property will be sold at auction; and 2, that the Marshal formally carry out the order, making the demand and the warning in the manner provided by the court. When the marshal, as in the present case, limits himself to delivering to the debtor a copy of the writ, with a copy of the return, the writ demanding payment is not served, the court does not acquire jurisdiction over the person of the debtor and as a consequence all the subsequent acts lack validity and legal force and must be held null and void.

■ The lower court did not err in holding the mortgage foreclosure proceeding, the sale of the lot to the foreclosing. mortgagee Severiana López and the sale made by the latter. to the other defendant José Dolores Flores to be null and void. Flores acquired the parcel with notice of the records of the registry, and knowing that the validity of his title. depended on the validity of the foreclosure proceeding.

brought against the previous owner. See *Anaud* v. *Martínez*, 40 P.R.R. 641.

For the reasons stated the judgment appealed from is affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.